## John West et al. v. Elizabeth E. Marquart et al.

1. DECREES—*Must be Supported by the Evidence.*—A decree unsupported by the evidence will be reversed.

**Bill of Foreclosure.**—Trial in the Circuit Court of Jo Daviess County; the Hon. JAMES SHAW, Judge, presiding.   Hearing and bill dismissed for want of equity.   Appeal by complainants.   Heard in this court at the May term, 1898.   Reversed and remanded.   Opinion filed September 26, 1898.

D. & T. J. and J. M. SHEEAN, attorneys for appellants.

WILLIAM SPENSLEY, attorney for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

In its inception this was a bill in equity filed by the appellees to foreclose a mortgage given March 28, 1893, to Malachi Maynard to secure $3,000, evidenced by three promissory notes of $1,000 each, payable in three, four and five years after date with seven per cent interest; notes and mortgage executed by Robert Irvine and wife.   Maynard borrowed $1,900 of Elizabeth Marquart, and pledged the notes and mortgage to her to secure the same.   Afterward Maynard made an assignment of all his property.   The appellants and others were made parties defendant to the bill of foreclosure, under the claim and averment that they had some interest in the mortgaged premises; but whatever it might be, it was subject to the claim of appellees.   Appellants answered the bill, and also filed a cross-bill, which set forth that June 7, 1877, Robert Irvine was indebted to John West and M. S. Andress in the sum of $3,000, for which he gave his promissory notes of that date, three for $1,000 each, due in one, two and three years; and to secure the same, he and his wife executed a trust deed to Samuel Irvine, as trustee, upon the premises described in the original bill, which was duly recorded; that the $3,000 and interest from June 7, 1882, is unpaid; that Irvine has repeatedly promised in writing to pay the

same.    Appellees answered the cross-bill, denying the validity of the note and mortgage by Irvine to secure West and Andress, on the ground, as alleged, the consideration of the note was for gambling contracts, or option deals in grain, and claiming for that reason the same was void. Also the statute of limitations was interposed as a bar.    On the hearing the court decreed as prayed in the original bill, found the mortgage described in the cross-bill to be void and dismissed the latter for the want of equity.    To reverse this decree the appellants prosecute this appeal, the principal error insisted on being that the decree is unsupported by the evidence.

It appears from the evidence that at the time the mortgage to Maynard was executed, he had actual notice in addition to the record of the mortgage to West and Andress; and although disputed by him, Irvine testified he told Maynard it was a just claim and would not be contested.    He also testified the money due to West and Andress represented a just claim; and that he had within ten years promised in writing to pay the same; that the consideration of the notes secured by the West and Andress mortgage was $1,000 in cash received from them, and the balance to close an open account, which consisted of advances they had made on grain for him, money he had drawn and losses upon deals made for him, and for grain shipped; no charge in the accounts for "puts and calls," and no deal in which there was not the privilege to deliver the grain.    He is corroborated in these statements by West. There is no evidence to prove that any part of the amount secured by the notes and mortgage was for gambling transactions.    It might be imagined or suspected, but it was not proved.    Irvine does not plead the statute of limitations, and if appellees have the right to do so such plea is overcome by the evidence, in view of the undisputed testimony that Irvine had agreed several times, in writing, within ten years, to pay the notes.    We are of the opinion the decree of the Circuit Court is unsupported by the evidence in the case, and it will be reversed and the cause remanded.